SAN MIGUEL *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 118.—Decided June 13, 1912.

MERCANTILE PARTNERSHIP—EXTENSION OF PARTNERSHIP CONTRACT—LIABILITY OF PARTNERS FOR CONTRACTS WITH THIRD PARTIES AFTER EXPIRATION OF PARTNERSHIP CONTRACT.—The members of a mercantile partnership having agreed prior to the expiration of the partnership contract to extend said contract, and the indenture extending the same having been executed after the date on which the former contract expired, the managing members of said partnership are jointly and severally liable to persons outside of the partnership for agreements and contracts executed by said members in favor of third parties, and such agreements and contracts, even though the mercantile partnership had no legal existence when they were executed, are effective against the partners and in favor of third parties with whom the contracts were made.

ID.—JURISDICTION—CANCELLATION OF MORTGAGE—RECORD OF MORTGAGE— CANCEL-
LATION AUTHORIZED AFTER EXPIRATION OF PARTNERSHIP CONTRACT.—The
mortgages whose cancellation is the object of the present appeal having been
recorded in the registry of property, it is improper to consider administratively
the validity or nullity of said records, this being exclusively the province of the
courts of justice; and the mercantile partnership in whose favor the mortgages
appear recorded having executed the corresponding deed of cancellation in
favor of the owner of the encumbered houses, the record of said cancellation
should be entered although the deed of cancellation may have been executed
after the expiration of the partnership contract.

The facts are stated in the opinion.

*Mr. Enrique Marquez Huertas* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By public deed of April 9, 1912, the mercantile partnership
Sucesores de San Miguel Hermanos, through its managing
partner, Ramón Cobián Rodríguez, executed in favor of
Jenaro San Miguel y Sierra a receipt and cancellation of two
mortgages that Eloy Agudo Senteno had made upon a house
belonging to him on 75 Sol Street of this city, which house
was purchased by Jenaro San Miguel y Sierra subject to said
encumbrances. The first one of these mortgages was made
on August 14, 1911, to secure a loan of $11,000, plus $1,500
for interest and costs, and was increased on September 22
following to cover an additional loan of $1,000, plus $100 for
interest and costs, and the second of said mortgages was made
on November 10 of said year for the sum of $1,000 principal
and $400 for interest and costs.

In order to obtain the cancellation of said two mortgages
the creditor partnership presented to the Registry of Prop-
erty of San Juan, Section 1, the deed above mentioned, to-
gether with the deed of mortgage and its extension, and the
registrar refused the cancellation by the following decision:

"The cancellation requested by the deeds of constitution and
extension of mortgages executed by the creditor partnership is hereby
refused, because the period of said partnership expired on September.
15, 1911, and the same was extended by deed dated the 25th of the

same month, subsequent to its expiration, which is a violation of article 223 of the Code of Commerce in connection with article 119 of the same code, for which reason said extended partnership cannot be a continuation of the personality of the former partnership.; and a cautionary notice for four months has been entered at folio 17, over, of volume 77, of this city, property 1663, duplicate, entry G, San Juan, April 20, 1912.   José S. Belaval, Registrar.''

Said decision has been appealed from by Jenaro San Miguel, and the same is submitted to us for our consideration and decision.

The following facts appear from the deed of amendment and extension of the commercial partnership agreement executed on September 25, 1911:

First. That by public deed of December 7, 1907, recorded in the Commercial Registry, an agreement was made constituting the commercial partnership of Sucesores de San Miguel Hermanos for a period of four years, which began to run from September 15 of the same year, antedating the effects of said agreement to said date.

Second. By public deed of September 25, 1911, also recorded in the Commercial Registry, the said commercial partnership agreement made by deed of December 7, 1907, was amended and extended four years longer from the 10th of the said month of September in which the agreement was made, and all the effects of the deed of amendment and extension were antedated to said date.

In view of these facts we are constrained to admit that the term of this commercial partnership agreement, Sucesores de San Miguel Hermanos, expired on September 15, 1911, and that subsequent to its expiration, on the 25th of the same month of September, the extension of said agreement was reduced to writing, but had already been agreed upon among the partners on the 10th of said month; and if the provisions of articles 119 and 223 of the Code of Commerce, invoked by

the registrar as the ground for refusing the cancellation requested, have been violated thereby, such violation does not exempt from liability the managing partners of San Miguel Hermanos for agreements made by them with persons outside of the partnership, because article 120 of the same code provides that the managers of a partnership who violate the provisions of article 119 would be held liable jointly to persons outside of the partnership for contracts made by them on behalf of the partnership.

In accordance with the foregoing principle the Supreme Court of Spain, by decision of December 6, 1887, held that the agreements and contracts made by the partners, as such, of a commercial partnership not legally formed are binding against them and in favor of third parties with whom they contract.

Besides, the mortgages which were the object of the cancellation requested were recorded in the registry of property and the validity or nullity of said record cannot be argued in an administrative appeal because said record is protected by the courts of justice, which are the only institutions that could declare them void in a proper action, and said record must be taken in this case as a basis for the decision which may be rendered.

See the decisions of the General Directorate of Registries of Spain of June 15, 1884, November 19, 1885, and June 21, 1891.

Wherefore, taking into consideration that the deeds of mortgage made by Eloy Agudo Centeno in favor of Sucesores de San Miguel Hermanos were duly recorded while Jenaro San Miguel was the record owner of the houses, subject to said mortgages, and said partnership, as the record creditor, having executed a receipt and a cancellation of said mortgages in favor of the mortgage debtor, Jenaro San Miguel, the refusal to make said cancellation cannot be sustained upon any ground.

For these reasons the decision appealed from should be reversed and the registrar instructed to make the cancellation requested.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.